UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ACUITY INSURANCE COMPANY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV102 CDP |
| | ) | |
| LASER MAX TONER, INC., et al. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Acuity Insurance Company moves to dismiss two counts of defendant's counterclaim. Counts IV and V of defendant's counterclaim seek a declaratory judgment that Acuity Insurance has a duty under its insurance contract with Laser Max to pay for the damage to Laser Max's neighbor caused by a fire at Laser Max's offices. Laser Max joined the neighbor and its insurance company as additional counterclaim defendants, but they have not entered an appearance and there is no evidence in the file that they have been properly served. Acuity Insurance argues that the Court should dismiss these counts based on the Court's discretion to abstain from hearing declaratory judgment claims, because Laser Max's neighbor is not a party to the insurance contract at issue and for various other reasons. I will deny plaintiff's motion because a declaratory judgment is

appropriate based on the facts of this case, but I will dismiss the newly added parties.

## Background

On November 21, 2008, a fire damaged Laser Max's offices, as well as the property of L.C. Gamvil, Inc., Laser Max's neighbor. Laser Max submitted a claim for the damage to its insurer, Acuity Insurance. Acuity denied coverage for Laser Max's losses after investigating Laser Max's claim and finding that Laser Max had intentionally concealed or misrepresented material facts about the fire damage. In its denial, Acuity relied on a fraud provision in its policy with Laser Max, which voids coverage if the insured intentionally conceals or misrepresents a material fact concerning the coverage, the insured property, or any claims made under the policy.

In a separate state court suit, L.C. Gamvil and its insurance company, Argonaut Insurance, seek to recover for the damage to L.C. Gamvil's property from Laser Max. Laser Max had previously referred L.C. Gamvil's demand to Acuity Insurance, but Acuity again denied coverage.

Acuity Insurance subsequently filed an action in this Court seeking a declaratory judgment that its policy with Laser Max does not provide coverage for the damage to Laser Max's property resulting from the November 2008 fire. In its

amended answer Laser Max submitted counterclaims for breach of contract, vexatious refusal to pay, and for declaratory judgments that its policy with Acuity Insurance covers the losses suffered by L.C. Gamvil for which Laser Max is liable. Although Laser Max added L.C. Gamvil and Argonaut Insurance as additional counterclaim defendants, it does not seek any relief from them in the counterclaim counts directed at them. It is unclear whether Laser Max has served the new counterclaim defendants with the counterclaim.

## Analysis

As an initial matter, it is appropriate to reconsider the joinder of L.C. Gamvil and Argonaut Insurance as counterclaim defendants. Under Rule 21 "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21 (West 2010). Laser Max joined L.C. Gamvil and Argonaut Insurance under Rule 20(a)(2). Rule 20 states that a party may be joined as a defendant in a case if any right to relief is asserted against them based on a common issue of law or fact. Fed. R. Civ. P. 20(a)(2). Because no parties in this case seek any form of relief from, or make any claims against, L.C. Gamvil or Argonaut Insurance, I will dismiss them from this case.

Acuity argues that the Court should dismiss counts IV and V of Laser Max's counterclaim based on its authority to decline hearing declaratory judgment

actions. Generally, it is appropriate to grant a motion to dismiss when a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A party fails to state a claim if it does not plead a plausible claim for relief based on allegations that are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). In a declaratory judgment action, at a minimum, the claim must be submitted by an interested party and must present an actual controversy. 28 U.S.C. § 2201(a). However, a court may choose to decline to hear a claim for declaratory judgment based on a variety of factors. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (stating that a federal court has broad discretion to determine whether it will entertain a declaratory judgment action under 28 U.S.C. § 2201). A court should not decline to hear a claim for declaratory judgment when the facts demonstrate that there is a "substantial controversy" of "sufficient immediacy" between "adverse legal parties." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Klosek v. Am. Express Co.*, 370 Fed. App'x 761, 763-64 (8th Cir. 2010).

The facts in this case, as pled, show that the Court should not dismiss counts IV and V of Laser Max's counterclaim. Although the parties have not submitted a specific dollar amount, the fire damage at issue was severe enough to damage two offices, therefore, there is likely a considerable amount of money at issue. All of

the parties have submitted or received claims for damages and L.C. Gamvil and its insurer have brought suit against Laser Max in a state court action, therefore, there is a current need to resolve this conflict and the potential liabilities of the parties are not merely abstract. In addition, Laser Max and Acuity disagree over the coverage of their insurance policy, which will determine their relative liabilities arising from the fire damage, and so they are adverse legal parties. As a result, counts IV and V of Laser Max's counterclaim present a "substantial controversy" between parties having "adverse legal interests" of "sufficient immediacy" to warrant declaratory judgment in this case.

Acuity does not raise any arguments that favor declining to hear these counts. First, Acuity argues that the counterclaims are improper because L.C. Gamvil and Argonaut Insurance are not parties to its policy with Laser Max. However, Acuity misunderstands the nature of Laser Max's claim. Laser Max is the party asserting coverage under its policy, not L.C. Gamvil or Argonaut Insurance. L.C. Gamvil is not seeking to recover its damages from Acuity and instead only seeks to recover for its losses from Laser Max in the state court action. Therefore, the fact that L.C. Gamvil and Argonaut Insurance are not parties to the insurance contract between Acuity and Laser Max is irrelevant to a determination of whether Laser Max may seek a declaratory judgment resolving

the limits of Acuity's liability under its own contract with Acuity.

Next, Acuity argues that counts IV and V are improper because they are tort claims masquerading as claims for declaratory judgment. Again, Acuity misunderstands the nature of Laser Max's claims. Laser Max seeks a declaratory judgment that its policy with Acuity covers Laser Max's liability in its state court action with L.C. Gamvil. In the insurance context, declaratory judgment actions are frequently based on underlying tort actions and do not automatically convert a claim seeking to resolve the parties' relationship under a contract into an action seeking to determine the liability of the parties in the underlying tort case. *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 934 (8th Cir. 2010); *Federal Ins. Co. v. Sammons Financial Group, Inc.*, 595 F. Supp. 2d 962, 972 (S.D. Iowa 2009). Acuity is not attempting to determine its tort liability to L.C. Gamvil with its declaratory judgment action against Acuity, but is instead only seeking to establish Acuity's contractual liability to Laser Max, if Laser Max is found liable to L.C. Gamvil.

Finally, Acuity argues that declaratory judgment is improper because Laser Max only seeks to redress past harm and because the counterclaims are redundant and a waste of judicial resources. Acuity is essentially making an argument that counts IV and V are moot because the fire has already occurred. However, these

counts are not moot because they do not seek to determine the amount of the damage, but the amount for which Acuity is liable under its contract with Laser Max, an amount that remains in dispute. Similarly, Acuity has not shown that the issues raised by counts IV and V are duplicative of the issues raised in any other claims in this case or in the state court case. Therefore, it is not appropriate to dismiss Laser Max's counterclaims at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss counts IV and V of defendant's amended counterclaim [#33] is DENIED.

**IT IS FURTHER ORDERED** that counterclaim defendants L.C. Gamvil and Argonaut Insurance are dismissed from this case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2010.